IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL PINA,

    Petitioner,                        No. CIV S-08-2362 JAM DAD P

    vs.

DERRAL G. ADAMS,                ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 16, 2008, the undersigned ordered respondent to file and serve a response to petitioner's petition. On November 20, 2008, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that petitioner failed to exhaust his state judicial remedies. Petitioner has not filed an opposition to the motion.[1]

---

[1] On January 16, 2009, the undersigned issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within twenty days and warning petitioner that failure to do so could "be deemed a waiver of any opposition to the granting of the motion." On January 28, 2009, petitioner filed a request for an extension of time to oppose the motion. On February 4, 2009, the court granted petitioner a thirty-day extension of time, and pursuant to petitioner's request, the court also provided him with a copy of his petition for a writ of habeas corpus. Again, the time for filing an opposition to respondent's motion to dismiss expired and petitioner had not filed an opposition or otherwise responded to the court's order, so on March 27,

1

## BACKGROUND

On February 6, 1998, in the El Dorado County Superior Court, petitioner pleaded no contest to attempted sodomy, sexual penetration with a foreign objection, forcible oral copulation, child endangerment, and two counts of forcible rape. A number of sentencing enhancement allegations were found to be true, and on March 16, 1998, petitioner was sentenced to a determinate term of thirty-nine years and four months in state prison. On March 31, 1999, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. Petitioner did not seek review in the California Supreme Court. (Resp't's Lodged Docs. 1-2.)

Petitioner subsequently filed four state habeas petitions. On March 21, 2007, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court and on May 9, 2007, the court denied the petition. On June 6, 2007, petitioner filed a second petition for writ of habeas corpus in the El Dorado County Superior Court. On July 18, 2007, the Superior Court denied that petition. On September 19, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on October 18, 2007. Finally, on December 20, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On June 25, 2008, the California Supreme Court denied the petition. (Resp't's Lodged Docs. 3-10.) On or about September 30, 2008, petitioner commenced this action by filing a federal petition for writ of habeas corpus.

## RESPONDENT'S MOTION TO DISMISS

Respondent moves to dismiss the petition before this court arguing that it is time-barred. Specifically, respondent argues that on March 31, 1999, the California Court of Appeal affirmed petitioner's conviction, causing his judgment of conviction to become "final" on May

---

2009, the court issued a second order to show cause, ordering petitioner to file an opposition to the motion to dismiss within fifteen days. That time has now expired, and petitioner still has not opposed the motion or otherwise responded to the court's order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

2

10, 1999, after the time for filing a petition for review expired. Respondent argues that under AEDPA, the one-year limitations period for filing a federal habeas petition began to run the following day, on May 11, 1999, and expired one year later on May 10, 2000. (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations for filing a federal habeas petition. However, respondent argues that petitioner did not file any of his state habeas petitions until after the statute of limitations for filing a federal petition had expired. Accordingly, respondent concludes that petitioner is not entitled to statutory tolling and that his federal habeas petition is untimely by more than eight years. (Resp't's Mot. to Dismiss at 3-4.)

Respondent also argues that petitioner failed to exhaust the claims presented in the pending petition by presenting them to the highest state court. Specifically, respondent contends that petitioner raises two claims in his federal petition: (1) ineffective assistance of trial counsel, and (2) ineffective assistance of appellate counsel. However, respondent argues that in his petition for writ of habeas corpus filed with the California Supreme Court, petitioner raised only claims relating to ineffective assistance of trial counsel and sentencing error. Thus, respondent concludes that petitioner failed to exhaust his ineffective assistance of appellate counsel claim. (Resp't's Mot. to Dismiss at 4-5.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

/////

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

  On February 6, 1998, petitioner pleaded no contest to, inter alia, two counts of forcible rape in the El Dorado County Superior Court. A number of sentencing enhancements were found to be true, and on March 16, 1998, the Superior Court sentenced petitioner to a determinate term of thirty-nine years and four months in state prison. On March 31, 1999, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. Petitioner did not seek review in the California Supreme Court. For purposes of federal habeas review, petitioner's conviction became final on May 10, 1999, after the time for filing a petition for review expired. Cal. Rules of Court, Rules 8.264(b)(1) & 8.500(e)(1) (formerly Rules 24 & 28). The AEDPA statute of limitations period began to run the following day, on May 11, 1999, and expired one year later on May 10, 2000. Petitioner did not file his federal habeas petition

4

until more than eight years later. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner did not even file his first state post-conviction challenge until March 21, 2007, nearly seven years after the statute of limitations for filing a federal petition had expired. It is well established that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, petitioner is not entitled to statutory tolling, and petitioner's federal petition should be dismissed with prejudice.[2]

**OTHER MATTERS**

Counsel for respondent has informed the court that the correct spelling of respondent's name is Derral G. Adams. Good cause appearing, the court will direct the Clerk of the Court to amend the docket to reflect the correct spelling of respondent's name.

---

[2] The court notes that petitioner has made no suggestion that he is entitled to equitable tolling of the statute of limitations. In light of the conclusion that petitioner's federal habeas petition is time-barred, the court need not address respondent's alternative argument that petitioner failed to exhaust his state judicial remedies.

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to amend the docket to reflect that respondent's name is spelled Derral G. Adams.

IT IS HEREBY RECOMMENDED that:

1. Respondent's November 20, 2008 motion to dismiss (Doc. No. 12) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 21, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pina2362.157